<u>**NOT FOR PUBLICATION**</u>

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TERRY PATRICK DOR,<br><br>            Plaintiff,<br><br>    v.<br><br>TD BANK,<br><br>            Defendant. | Case No. 2:25-cv-007867 (BRM) (JSA)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is Defendant TD Bank, N.A.'s i/p/a TD Bank ("TD Bank") Motion to Dismiss (ECF No. 7) *pro se* Plaintiff Terry Patrick Dor's ("Dor") Complaint (ECF No. 1) pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Dor filed an Opposition to TD Bank's Motion to Dismiss on August 19, 2025 (ECF No. 13), and Dor filed a Reply on August 25, 2025 (ECF No. 14).[1] Having reviewed and considered the submissions filed in connection with the Motion and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause having been shown, Defendant TD Bank's Motion to Dismiss (ECF No. 7) is **GRANTED**, and the Complaint is **DISMISSED WITH PREJUDICE**.

**I.    BACKGROUND**

For purposes of this Motion, the Court accepts the factual allegations in the Complaint as

---

[1] On August 27, 2025, Dor submitted an impermissible sur-reply (ECF No. 15), which the Court has reviewed and considered given his *pro se* status. *See Peak v. Maraj-Petty*, Case. No. 2:24-CV-09684, 2025 WL 2437806, at *7 (D.N.J. Aug. 25, 2025).

true and draws all inferences in the light most favorable to Dor. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). The Court also considers any "document *integral to or explicitly relied* upon in the complaint." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (emphasis in original) (citation omitted). Additionally, the Court will take notice of matters of public record, including any prior judgments or pleadings. *See Brunetta v. Egg Harbor Twp. Sch. Dist.*, Civ A. No. 22-7511, 2023 WL 5274529, at *4 (D.N.J. Aug. 16, 2023).

Given Dor is proceeding *pro se*, the Court attempts to glean factual allegations and legal claims through a liberal construction of the Complaint. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) ("[W]e hold [the *pro se* complaint] to less stringent standards than formal pleadings drafted by lawyers."); *Alexander v. Gennarini*, 144 F. App'x 924, 926 (3d Cir. 2005) ("[P]*ro se* pleadings must be liberally construed."); *Cooke v. Experian Info. Sols., Inc.*, Civ. A. No. 22-05375, 2024 WL 1142214, at *2 (D.N.J. Mar. 15, 2024) (same); *Huff v. Atl. Cnty. Just. Facility*, Civ. A. No. 20-9761, 2021 WL 307303, at *2 (D.N.J. Jan. 29, 2021) ("Court personnel reviewing *pro se* pleadings are charged with the responsibility of deciphering why the submission was filed, what the litigant is seeking, and what claims she may be making."). However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). When necessary, the Court also relies on TD Bank's moving papers to fill in critical facts missing from the Complaint. *See Polimeda v. Outdoorsy*, Case No. 2:24-CV-06727, 2025 WL 2910655, at *1 (D.N.J. Oct. 14, 2025).

### A. Factual Background

This is an employment discrimination matter involving Dor's allegations that TD Bank discriminated against him on the basis of (1) race/color, (2) gender/sex, and (3) national origin in violation of Title VII of the Civil Rights Act of 1967 ("Title VII") and the New Jersey Law Against

2

Discrimination ("NJLAD")[2] (ECF No. 1 at 5.) Dor identifies his race as "African American/ Caribbean American," his gender/sex as "[m]ale," his national origin as "1st Generation American," and his color as "Black."[3] (*Id.*) Dor "was an employee of TD Bank from September 24, 2018 until November 11, 2020 when TD Bank terminated his employment." *Dor v. TD Bank*, Case No. 2:21-CV-18955, 2023 WL 9017558, at *1 (D.N.J. Dec. 29, 2023), *aff'd*, C.A. No. 24-1126, 2024 WL 3219701 (3d Cir. June 28, 2024). During his tenure at TD Bank, Dor reported to Lenore Gordon, who reported to Keith Nisbet. (*Id.*)

Dor alleges on November 11, 2020,[4] Gordon, his supervisor, failed to review his yearend work and terminated him for not copying her on third-party emails. (ECF No. 1 at 6.) However, Dor claims the grounds for the termination were pretextual. (*Id.*) According to Dor, he was retaliated against for refusing Gordon's unwanted sexual advances in the workplace as he "declined her offer to book a hotel after work with [his] company issued credit card for sex." (*Id.*) Dor also alleges Gordon created false narratives about his work performance. (*Id.*)

---

[2] However, according to Dor's Opposition, unlike his earlier case before this Court, this case does not concern discrimination claims based on race, color, or national origin but rather sexual harassment and retaliation. (*Compare* ECF No. 13 at 9 ("[T]he . . . cause[s] of action [are] sexual harassment and retaliation . . . . Obviously I won't be arguing about race, color, or national origin."), *with Dor v. TD Bank*, Case No. 2:21-CV-18955, 2023 WL 9017558, at *1 (D.N.J. Dec. 29, 2023), *aff'd*, C.A. No. 24-1126, 2024 WL 3219701 (3d Cir. June 28, 2024) ("This is an employment discrimination matter involving Plaintiff's allegations that Defendants discriminated against him (1) on the basis of race/color and (2) on the basis of national origin . . . .").)

[3] The Court reads Dor's national origin discrimination claim to mean a discrimination claim based on Dor's United States citizenship and African and Caribbean heritage. *See Kanaji v. Children's Hosp. of Phila.*, 276 F. Supp. 2d 399, 404 (E.D. Pa. 2003).

[4] The Complaint lists both November 3, 2020, and November 11, 2020, as the termination date. (ECF No. 1 at 6.) However, in his Opposition, Dor specifically refers to November 11, 2020, as the termination date when discussing the termination. (ECF No. 13 at 17.) As such, the Court refers to November 11, 2020, as the operative termination date; that said, the date does not impact the outcome of the Court's decision.

### B. Procedural History

#### 1. *Dor I*

On October 15, 2021, Dor filed a complaint in this Court against TD Bank, Gordon, and Nisbet ("*Dor I* Defendants"). *Dor*, 2023 WL 9017558, at *1 ("*Dor I*"). On November 5, 2021, Dor filed an amended complaint asserting race, national origin, and color discrimination claims against the *Dor I* Defendants pursuant to Title VII. *Id.* Dor alleged "he was unlawfully discriminated against in that he was 'verbally disrespected because of [his] race, national origin, and color' and was 'denied trainings, fair compensation, bonus, transfer to other departments, transfer to other offices, networking opportunities, [and] proper working equipment' at TD Bank." *Id.* (internal citation omitted). After the close of discovery, TD Bank, Gordon, and Nisbet filed a motion for summary judgment, which Dor opposed. *Id.* at *2. Ultimately, this Court granted summary judgment on all claims in favor of TD Bank, Gordon, and Nisbet. *Id.*

On January 17, 2024, Dor appealed this Court's order granting the *Dor I* Defendants' motion for summary judgment to the United States Court of Appeals for the Third Circuit. *Dor v. TD Bank*, No. 24-1126, 2024 WL 3219701, at *1 (3d Cir. June 28, 2024). The Third Circuit affirmed this Court's order on June 28, 2024. *Id.* Thereafter, Dor petitioned the Third Circuit for *en banc* review, which the Third Circuit denied. *Dor v. TD Bank*, No. 24-1126, slip op. at 1–2 (3d Cir. Aug. 28, 2024) (order denying reh'g *en banc*).

#### 2. *Dor II*

On April 17, 2025, Dor filed a Charge of Discrimination ("2025 Charge") with the Equal Employment Opportunity Commission ("EEOC") and cross-filed with the New Jersey Division on Civil Rights, alleging race, color, and national discrimination and retaliation in violation of Title VII and the NJLAD. (ECF No. 7-1 at 7; ECF No. 1 at 6) The EEOC dismissed Dor's 2025 Charge

4

and issued a right to sue notice on April 22, 2025. (ECF No. 7-1 at 7; ECF No. 1 at 6.) On June 5, 2025, Dor filed the Complaint initiating this wrongful termination action ("*Dor II*"). (ECF No. 1 at 7.) TD Bank filed a Motion to Dismiss on July 24, 2025. (ECF No. 7.) Dor opposed on August 19, 2025 (ECF No. 13), TD Bank replied on August 25, 2025 (ECF No. 14), and Dor submitted a sur-reply on August 27, 2025 (ECF No. 15).

## II.   LEGAL STANDARD

### A. Rule 12(b)(6)

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable to [the non-moving party]." *Phillips*, 515 F.3d at 228. "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . ." *Id.* at 231 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). However, "a plaintiff's . . . obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (alterations in original). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Instead, assuming factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). This "plausibility standard" requires the complaint allege "more than a sheer possibility that a defendant has acted unlawfully," but it "is not akin to a 'probability requirement.'" *Id.* (citing *Twombly*, 550 U.S. at 556). "[D]etailed factual allegations" are not required, but "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" must be pled; it must include "factual enhancements" and not just conclusory statements or a recitation of the elements of a cause of action. *Id.* (citations omitted). In assessing plausibility, the Court may not consider any "[f]actual claims and assertions raised by a defendant." *Doe v. Princeton Univ.*, 30 F.4th 335, 345 (3d Cir. 2022).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). Indeed, after *Iqbal*, it is clear that conclusory or "bare-bones" allegations will no longer survive a motion to dismiss: "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678. To prevent dismissal, all civil complaints must now set out "sufficient factual matter" to show that the claim is facially plausible. *Iqbal*, 556 U.S. at 677. This "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. The Supreme Court's ruling in *Iqbal* emphasizes that a plaintiff must show that the allegations of his or her complaints are plausible. *See id.* at 670.

While the Court generally may not consider anything beyond the four corners of the complaint on a motion to dismiss pursuant to Rule 12(b)(6), the Third Circuit has held "a court

6

may consider certain narrowly defined types of material without converting the motion to dismiss [to one for summary judgment pursuant to Rule 56]." *In re Rockefeller Ctr. Props. Sec. Litig.*, 184 F.3d 280, 287 (3d Cir. 1999). Specifically, courts may consider any "document *integral to or explicitly relied upon* in the complaint." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d at 1426 (emphasis in original) (quoting *Shaw v. Digit. Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996)). However, "[w]hen the truth of facts in an 'integral' document are contested by the well-pleaded facts of a complaint, the facts in the complaint must prevail." *Princeton Univ.*, 30 F.4th at 342. Additionally, courts may also consider administrative filings without converting the motion to dismiss into a motion for summary judgment. *See, e.g.*, *Rogan v. Giant Egle, Inc.*, 113 F. Supp. 2d 777, 782 (W.D. Pa. 2000), *aff'd*, 276 F.3d 579 (3d Cir. 2001) ("[W]e may consider the EEOC charge and related EEOC documents . . . either as undisputed documents referenced in the complaint or central to the plaintiff's claim . . . without converting this motion to one [for] summary judgment.").

### III. DECISION

TD Bank moves to dismiss Dor's entire Complaint with prejudice based on the doctrine of *res judicata* and because Dor's claims are time-barred. (*See generally* ECF No. 7-1.) In opposition, Dor argues the doctrine of *res judicata* should not apply because his sexual harassment and retaliation claims are "new claims and have never been litigated before." (ECF No. 13 at 7.) Dor also suggests that *res judicata* should not apply because the parties to this action are not identical to the parties in *Dor I*. (*Id.* at 9.) Additionally, as best as the Court can tell, Dor argues his claims are timely. (*Id.* at 25; ECF No. 15 at 4 ("[T]his claim is not time barred . . . .").)

TD Bank replies by proffering additional grounds for dismissal of Dor's claims. (ECF No. 14 at 2–4.) TD Bank argues Dor never exhausted his sexual harassment claim. (*Id.* at 2–3.) As to

Dor's retaliation claims, TD Bank contends they are not actionable because these claims relate to Dor's pending criminal action and are not premised on an employer-employee relationship. (*Id.* at 3–4.) Moreover, TD Bank notes Dor's retaliation claims are supported only by a conclusory statement. (*Id.* at 4.)

In his sur-reply, Dor again contends his Complaint is not barred by *res judicata* because he has brought "entirely new claim[s]." (ECF No. 15 at 4.) Dor also argues he has exhausted his sexual harassment claim by filing the Complaint in this action. (*Id.* at 5.) Additionally, Dor seeks to rebut TD Bank's non-actionability argument with respect to his retaliation claim by noting that the Department of Justice's case against him relies on "[r]ecords from TD Bank relating to [his] employment at TD Bank." (*Id.* at 5–6.)

"The res judicata defense 'may be raised and adjudicated on a motion to dismiss and the court can take notice of all facts necessary for the decision.'" *Malinconico v. Alessio*, Civ. Case No. 2111550, 2022 WL 4466636, at *2 (D.N.J. Sept. 26, 2022). The doctrine of *res judicata*, also known as claim preclusion, applies both to claims brought in a previous lawsuit and to claims that could have been brought in a previous lawsuit. *Simoni v. Luciani*, 872 F. Supp. 2d 382, 388 (D.N.J. 2012). The doctrine applies when there is: "(1) a final judgment on the merits in a previous lawsuit involving: (2) the same parties or their privies; and (3) a subsequent action based on the same cause of action." *Id.* (citing *Mullarkey v. Tamboer*, 536 F.3d 215, 225 (3d Cir. 2008)). In assessing whether two causes of action are substantively similar, a court will consider whether there is an "essential similarity of the underlying events giving rise to the various legal claims." *Id.* at 390 (quoting *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 259 (3d Cir. 2010)). As such, a court will assess whether a party "(1) complains of the same acts; (2) alleges the same material facts in each suit; and (3) requires the same witnesses and documentation to prove such allegations." *Est. of*

8

*Moore v. Roman*, Civ. A. No. 18-16345, 2019 WL 4745073, at *3 (D.N.J. Sept. 27, 2019) (citing *Elkadrawy v. Vanguard Grp., Inc.*, 584 F.3d 169, 173 (3d Cir. 2009)). A party raising new and discrete facts is not itself dispositive; rather, a court will still apply claim preclusion to bar the new claims if it finds the new facts arise out of the same transactions, or from connected transactions, which were raised in the previous action. *Moore*, 2019 WL 4745073 at *3 (citing *Elkadrawy*, 584 F.3d at 174). For the reasons explained below, the Court finds Dor's Complaint against TD Bank is barred by the doctrine of *res judicata*.

### A. There Was a Final Judgment on the Merits.

The first element of *res judicata* is satisfied because there was a final judgment on the merits in *Dor I*, dismissing Dor's Title VII race/color and national origin discrimination claims against TD Bank. *Dor I*, 2023 WL 9017558, at *2. In particular, this Court granted summary judgment to TD Bank in that proceeding. *Id.*; *see Gupta v. Wipro Ltd.*, 749 F. App'x 94, 96 (3d Cir. 2018) (noting summary judgment is a final judgment on the merits for *res judicata* purposes). Indeed, the Third Circuit affirmed this Court's summary judgment decision in TD Bank's favor. *TD Bank*, 2024 WL 3219701, at *1.

### B. *Dor I* and *Dor II* Involve the Same Parties.

Contrary to Dor's suggestion otherwise (ECF No. 13 at 9), the second element of *res judicata* is satisfied because TD Bank, the sole defendant in this action, was also a party in *Dor I*. *See Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 261 (3d Cir. 2010) (concluding the "same parties or their privities" element was met because the plaintiff and the defendant-company were parties in both actions, and that additional parties were included in subsequent action did not alter conclusion). As such, for *res judicata* purposes, with respect to TD Bank, "the second element of *res judicata* is met by virtue of [Dor] bringing this action against the same part[y]" after having

done so already in *Dor I. Brightwell v. N.J. Dep't of Child. and Families*, Case No. 22-cv-3016, 2023 WL 7986422, at *6 (D.N.J. Nov. 17, 2023), *reconsideration denied sub nom.*, 2024 WL 1723306 (D.N.J. Mar. 12, 2024), *aff'd sub nom.*, 2025 WL 984603 (3d Cir. Apr. 2, 2025).

### C. *Dor II* Is Based on the Same Causes of Action.

The third element of *res judicata* is satisfied as to Dor's race/color and national origin discrimination claims under Title VII because they are the exact claims he pled in *Dor I. Dor*, 2023 WL 9017558, at *2. As to Dor's sexual harassment, retaliation, and gender discrimination claims, the Court also finds these claims are barred by the doctrine of *res judicata*.

The Third Circuit takes a "'broad view' of whether suits are based on the same cause of action" and "focus[es] on 'the essential similarity of the underlying events giving rise to the various legal claims.'" *Crimone v. McCabe Weisberg & Conway, P.C.*, 737 F. App'x 107, 109–10 (3d Cir. 2018) (quoting *Churchill v. Star Enters.*, 183 F.3d 184, 194 (3d Cir. 1999)). Therefore, "even if a second suit alleges new or different events, it is still based on the same cause of action if the new allegations 'seek[] recovery for essentially the same wrongful conduct' or a 'single course of wrongful conduct.'" *Id.* at 110 (alteration in original) (quoting *Churchill*, 183 F.3d at 195).

> "The fact that several new and discrete [actionable] events are alleged does not compel a different result" because "[a] claim extinguished by res judicata includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose."

*Id.* (alteration in original) (quoting *Elkadrawy*, 584 F.3d at 174 (quotation marks omitted)).

All of Dor's factual allegations and claims in both *Dor I* and here in *Dor II* pertain to the alleged discrimination by TD Bank arising out of his employment with TD Bank. *Compare Dor I*, 2023 WL 9017558, at *2, *with* (ECF No. 1 at 4–6). In other words, there is "substantial overlap"

between Dor's claims in this case and *Dor I*. *Benigno v. Walsh*, Civ. A. No. 23-3248, 2024 WL 640733, at *7 (D.N.J. Feb. 15, 2024). It is true claims of sexual harassment, retaliation, and gender discrimination are not the same as claims of race/color and national origin discrimination; however, it is not "dispositive that [Dor] asserts . . . different theor[ies] of recovery . . . in the two actions." *United States v. Athlone Indus., Inc.*, 746 F.2d 977, 984 (3d Cir. 1984). Indeed, the gravamen of the Complaint here, like that in *Dor I*, is TD Bank wrongfully terminated Dor. (*Compare Dor I*, 2023 WL 9017558, at *2, *with* ECF No. 1 at 6 ("[On] November 11th 2020, I was wrongfully terminated . . . .").) Naturally, then, Dor will rely on the same witnesses as he did in *Dor I*. *See Moore*, 2019 WL 4745073, at *3 (citing *Elkadrawy*, 584 F.3d at 173). After all, both actions involve his supervisor, Gordon, and her supervisor, Nisbet.

Here, Dor does add new, material facts, including that he "declined [Gordon's] offer to book a hotel after work with [his] company issued credit card for sex." (ECF No. 1 at 6); *cf. Jackson v. Dow Chem. Co.*, 518 F. App'x 99, 103 (3d Cir. 2013) (per curiam) ("Jackson's addition of some new, nonmaterial facts . . . does not obscure the essential similarity of the two lawsuits."). However, as this Court noted in *Dor I*, Dor "could have . . . amended his [*Dor I*] complaint to add . . . new claims."[5] *Jones v. Gemalto, Inc.*, Civ. A. No. 15-00673, 2015 WL 3948108, at *6 (E.D.

---

[5] According to Dor, this Court instructed him to refrain from discussing sexual harassment and retaliation in *Dor I*. (ECF No. 13 at 8.) Dor is mistaken. *Dor I*, 2023 WL 9017558, at *10. In *Dor I*, this Court merely noted it would not allow Dor to "amend his complaint by way of asserting new claims . . . in his opposition to Defendants' summary judgment motion . . . ." *Id.* These new claims included claims of retaliation and sexual misconduct, which are the same claims Dor seeks to assert in this action. *Id.* at *10 n.11. Put another way, Dor "could have . . . brought" these claims in *Dor I*, albeit by amending his complaint. *In re Mullarkey*, 536 F.3d 215, 225 (3d Cir. 2008) (internal citation omitted). This is also true of the sex and gender discrimination claims Dor now brings against TD Bank. Given the relationship between these claims and the alleged wrongful termination, the Court finds Dor "could have [also] brought" these claims in *Dor I*. *In re Mullarkey*, 536 F.3d at 225 ("The doctrine of res judicata bars not only claims that were brought in a previous action, but also claims that could have been brought.").

Pa. June 29, 2015); *Dor*, 2023 WL 9017558, at *10 ("At the summary judgment stage, the proper procedure for plaintiffs to assert a new claim is to amend the complaint in accordance with Fed. R. Civ. P. 15(a)." (quoting *Taylor v. Sanders*, 536 F. App'x 200, 203 (3d Cir. 2013))). Accordingly, despite Dor's attempt to distinguish his second set of facts as "different" (ECF No. 13 at 9), "it is beyond dispute that these allegations 'could have been brought' as part of his [*Dor I*] complaint." *Elkadrawy*, 584 F.3d at 173–74. Additionally, for *res judicata* purposes, it is no matter that Dor purports to assert claims against TD Bank based upon Title VII *and* the NJLAD for retaliation, sexual harassment, race, color, gender/sex, and national origin discrimination. *See id*. at 173 (holding "[i]t does not matter for res judicata purposes that [the plaintiff] proceeds under § 1981 rather than Title VII").

Because all three elements for *res judicata* are satisfied, the Court finds Dor's claims here are barred. *Malinconico*, 2022 WL 4466636, at *2. Moreover, given the entirety of the Complaint has been dismissed under the doctrine of *res judicata*, the Court need not assess TD Bank's timeliness, administrative exhaustion, or non-actionability arguments. *See, e.g.*, *Scalercio-Isenberg v. Select Portfolio Servicing, Inc.*, Case No. 2:22-CV-02705, 2024 WL 378652, at *11 (D.N.J. Jan. 31, 2024) (declining to assess additional grounds for dismissal where claims were already dismissed under the doctrine of *res judicata*).

### IV.  CONCLUSION

For the reasons set forth above, and for good cause having been shown, Defendant TD Bank's Motion to Dismiss (ECF No. 7) is **GRANTED**. Accordingly, the Complaint is

**DISMISSED WITH PREJUDICE**.[6] An appropriate order follows.

Date: December 8, 2025                            /s/ *Brian R. Martinotti*
                                                  **HON. BRIAN R. MARTINOTTI**
                                                  **UNITED STATES DISTRICT JUDGE**

---

[6] *Family Civil Liberties Union v. State*, 386 F. Supp. 3d 411, 441 (D.N.J. 2019) (finding that because all three requirements for claim preclusion were satisfied, the plaintiffs' complaint was dismissed with prejudice).